UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANCH BANKING AND TRUST COMPANY,

        Plaintiff,

    v.

ELOY BUSINESS PARK, LLC; *et al.*,

        Defendants.

Case No. 2:12-cv-1679-LRH-PAL

ORDER

        Before the court is plaintiff Branch Banking and Trust Company's ("Branch Banking") motion for attorney's fees. ECF No. 97. Defendants Eloy Business Park, LLC; Yoel Iny, individually, and as trustee of the Y&T Iny Family Trust dated June 8, 1994; Noam Schwartz, individually, and as trustee of the Noam Schwartz Trust dated August 19, 1999; and D.M.S.I., L.L.C. (collectively "defendants") filed an opposition (ECF No. 102) to which Branch Banking replied (ECF No. 104).

**I.    Facts and Procedural Background**

        This is a breach of contract action arising from a promissory note and personal guarantee. On September 20, 2007, defendant Eloy Business Park, LLC ("Eloy") executed a promissory note secured by deed of trust to non-party Colonial Bank, N.A. ("Colonial Bank") for a loan in the amount of $6,300,000.00. *See* ECF No. 52, Ex. 1. The note was secured by a deed of trust encumbering certain real property in Pinal County, Arizona. ECF No. 52, Ex. 2; ECF No. 53,

Ex. 3. The promissory note was also subject to a guarantee in which defendants guaranteed the payment of all indebtedness under the loan. *Id*.

On August 14, 2009, the Federal Deposit Insurance Corporation ("FDIC") was named as receiver for Colonial Bank. ECF No. 52, Ex. 4; ECF No. 53, Ex. 5. On September 28, 2011, the FDIC assigned all rights, title, and interest in the promissory note and guarantee to Branch Banking. *Id*.

Defendant Eloy failed to pay the outstanding principal balance of the loan by the required due date. On December 16, 2011, Branch Banking commenced a judicial foreclosure action in the Superior Court of the County of Pinal, Arizona. ECF No. 52, Ex. 5. On March 19, 2012, a judicial foreclosure of the property was entered and the property was sold at public auction for $580,000.00 in partial satisfaction of the loan. ECF No. 52, Ex. 7 & 8; ECF No. 53, Ex. 8 & 9.

On September 24, 2012, after the property was sold at auction, Branch Banking filed the underlying complaint for deficiency, breach of guarantee, and breach of the covenant of good faith and fair dealing. ECF No. 1. On June 23, 2015, the court granted Branch Banking's motion for summary judgment and denied defendants' motion for summary judgment. ECF No. 77. The court then directed the parties to file briefs pursuant to NRS § 40.457(1) for a deficiency hearing. *Id*. On May 16, 2016, the parties stipulated that the fair market value of the property on July 19, 2012 was $600,000. ECF No. 94. Subsequently, on July 11, 2016, the court entered an order awarding Branch Banking a deficiency judgment against defendants in the amount of $2,912,895.72. ECF No. 95; ECF No. 96. Thereafter, Branch Banking filed the present motion for attorney's fees. ECF No. 97.

**II.     Discussion**

In its motion, Branch Banking seeks an award of attorney's fees in the amount of $145,442.19 and non-taxable costs in the amount of $6,551.10. ECF No. 97. The court shall address both requests below.

**A. Attorney's Fees**

This is diversity action between Branch Banking, a North Carolina banking corporation, and defendants. Because this action is founded on diversity jurisdiction, Nevada state law applies

2

to Branch Banking's request for fees. *Kona Enterprises, Inc. v. Estate of Bishop*, 299 F.3d 877, 883 (9th Cir. 2000); *see also, In re: USA Commer. Mortg. Co.*, 802 F. Supp. 2d 1147, 1178 (D. Nev. 2011) (holding that Nevada law applies to a determination of whether to award fees on claims based on Nevada law). Under Nevada law, a court may award attorney's fees when such fees are authorized pursuant to a state statute, rule, or a contract between the parties. *See Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1027-28 (Nev. 2006); *Horgan v. Felton*, 170 P.3d 982, 986 (Nev. 2007).

In this action Branch Banking contends that it is entitled to seek an award of fees because both the promissory note and personal guarantee authorizes such an award. *See* ECF No. 97. The court agrees. Here, the parties entered into a promissory note which specifically provides for an award of fees. *See* ECF No. 53, Exhibit 2 at 3 ("Should the indebtedness represented by the Note . . . be collected at law, . . . Borrower agrees to pay, in addition to the principal and interest due hereon, all reasonable attorneys' fees, plus all other costs and expenses of collection and enforcement[.]"). Similarly, the guarantee signed by the individual defendants also provides for an award of attorney's fees for any action to collect on the underlying indebtedness. *See* ECF No. 53, Exhibit 4 at 10 ("Guarantor agrees to pay all costs, including, without limitation, reasonable attorney fees and expenses, incurred by Bank in enforcing the terms of this Guaranty[.]"). Therefore, the court finds that Branch Banking is entitled to seek an award of attorney's fees in this action.

Once a party has established its entitlement to an award of attorney's fees the court must then determine the reasonableness of such an award. *In re: USA Commer. Mortg. Co.*, 802 F. Supp. 2d at 1178. *See* ECF No. 97. In Nevada, when determining whether to award attorney's fees, the court analyses four factors: (1) the reputation and skill of counsel; (2) the nature and character of the litigation; (3) the nature and extent of the work performed by counsel; and (4) the results obtained in the litigation. *See Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969). The court has reviewed Branch Banking's request for attorney's fees and finds that the requested fees are reasonable. First, Branch Banking's counsel, Holland & Hart LLP, is a national AV-rated law firm with extensive experience in commercial litigation which charges

rates commensurate with the fees charged in this district. Second, this litigation presented several novel defenses in response to new Nevada statutes that had recently gone into effect when the action was filed. Thus, the time spent on this action was reasonable for the particular novel defenses raised by defendants and for the motions filed by the parties. Third, counsels' skill and experience was integral to Branch Banking's success in this action as counsel presented the case to the court in a manner that helpfully explained the complex matters of law presented to the court for the first time. Further, the skill of counsel is highlighted by Branch Banking's success in this action which resulted in a deficiency judgment of over $2,900,000.00. Finally, the court notes that the present motion for attorney's fees complies with LR 54-16 and contains a "reasonable itemization and description of the work performed." *See* ECF No. 97, Ex. 1.

In opposition, defendants contend that the request for attorney's fees should be denied, or at least reduced, because of improper billing entries. *See, e.g., Huhmann v. FedEx Corp.*, 2015 WL 6127198, at *8 (S.D. Cal. Oct. 16, 2015) (30% reduction for improper billing entries); *eMove, Inc. v. SMD Software, Inc.*, 2012 WL 4856276, at *7 (D. Ariz. Oct. 11, 2012) (20% reduction for improper billing entries); *Gunderson v. Mauna Kea Prop., Inc.*, 2011 WL 9754085, at *10 (D. Haw. May 9, 2011) (20% reduction for improper billing entries). In particular, defendants argue that counsels' proffered billing records contain numerous entries that are either duplicative, excessive, vague, or otherwise constitutes improper block billing and should be excluded.

The court has reviewed the billing records and finds that counsel has proffered sufficient evidence for the court to find that the time billed was reasonable for this litigation. The few examples provided by defendant are not a substantial or excessive amount of the billing records and are not significant enough to warrant either a general reduction in fees or exclusion of the specific entries identified by defendant. Although counsels' billing records do include a few inconsistencies like vague entries and block billing, the court does not find the billing records as nearly replete with errors as defendants contend, and the few identified entries are not the kind of entries which consciously violate regular billing practices and guidelines. Therefore, the court shall grant the motion and award Branch Banking $145,442.19 in attorney's fees.

**B. Costs**

As part of its motion for attorney's fees, Branch Banking seeks recovery of $6,551.10 in non-taxable costs. *See* ECF No. 97. In this action, the parties entered into a promissory note and guarantee which specifically provides for an award of all costs related to collecting on the underlying indebtedness. *See* ECF No. 53, Exhibit 2 at 3 ("Should the indebtedness represented by the Note . . . be collected at law, . . . Borrower agrees to pay, in addition to the principal and interest due hereon, all reasonable attorneys' fees, plus all other costs and expenses of collection and enforcement[.]"); ECF No. 53, Exhibit 4 at 10 ("Guarantor agrees to pay all costs, including, without limitation, reasonable attorney fees and expenses, incurred by Bank in enforcing the terms of this Guaranty[.]"). The court has reviewed Branch Banking's request for non-taxable costs and finds that they are both recoverable and reasonable for this litigation. Therefore, the court shall award Branch Banking $6,551.10 in non-taxable costs.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees and costs (ECF No. 97) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter an award of attorney's fees in favor of plaintiff Branch Banking and Trust Company and against defendants Eloy Business Park, LLC; Yoel Iny, individually, and as trustee of the Y&T Iny Family Trust dated June 8, 1994; Noam Schwartz, individually, and as trustee of the Noam Schwartz Trust dated August 19, 1999; and D.M.S.I., L.L.C. in the amount of $145,442.19. The clerk of court shall also enter an award of non-taxable costs in favor of plaintiff and against defendants in the amount of $6,551.10.

IT IS SO ORDERED.

DATED this 6th day of February, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5